STANDARD PUBLISHING CORP., Appellant, v. MITCHELL PUBLISHING CO., Respondent.

(241 N. W. 520.)

(File No. 7154. Opinion filed March 15, 1932.)

*Fellows, Fellows & Whiting,* of Mitchell, for Appellant.

*E. E. Wagner* and *Florence Ryan Foss,* both of Mitchell, for Respondent.

WARREN, J. Action was brought upon a written contract wherein plaintiff agreed to prepare and furnish a specialized service and sell the exclusive rights thereto in and for the city of Mitchell to the defendant for the period covered by that agreement. The defendant was to pay to the plaintiff the sum of $210 upon date of execution of the contract and a like amount for each succeeding contract year due and payable at the beginning of each contract year. A portion of the contract states: "It is understood and agreed that this contract is to remain in force for the period of one year beginning September 1st, 1928, and that it shall be continued for each succeeding contract year unless written cancellation request is received by either party not later than sixty days prior to the expiration of the contract year then in force."

The plaintiff then brought this action for the recovery of the contract price of its service for the year 1929-1930. The defendant answered denying indebtedness to the plaintiff and alleged that it had given notice of cancellation to the plaintiff by its letter of July 18, 1929. The plaintiff demurred to defendant's answer as not stating facts sufficient to constitute a defense to the cause of action set forth in plaintiff's complaint. The trial court overruled the demurrer, and an appeal was perfected to this court.

Throughout its entire brief and argument appellant has contended that it did not have timely notice, that the agreement specifically provides for sixty days' notice prior to the expiration of the contract year then in force, and that the notice given by respondent came too late and was given only forty-two days before the expiration of the contract year then in force.

Respondent, in paragraph III of its answer, pleaded cancellation of the contract as a defense, and alleges that a letter was

written on July 18, 1929, notifying the appellant to discontinue the service at the end of the first contract year. The written notice to the appellant of its intention to cancel was given less than sixty days prior to the expiration of the contract year, and therefore was insufficient to comply with the terms of the contract in respect to cancellation.

■ The plaintiff in paragraph VI of its complaint alleges that during the contract year beginning September 1, 1929, it delivered and tendered delivery to the defendant the service contemplated by the contract, and has ever since been ready and willing to deliver such service and has otherwise duly performed all the conditions of said contract on its part, and that defendant has wholly failed to accept delivery and tender of delivery by the terms of said contract and has wholly failed to pay for the same. The answer contains a general denial which puts in issue the allegations in plaintiff's complaint referred to above. The answer therefore presents a defense and must be held good on attack by plaintiff's demurrer.

■ As we view it, the only question in issue is whether the answer presents a defense. We, therefore, conclude that, upon the construction of the pleadings, and upon the issues raised by the demurrer, the question of damages cannot properly be considered upon the record and pleadings before us.

The order appealed from is affirmed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

CAMPBELL, P. J. (concurring specially). Plaintiff sued to recover damages arising from defendant's failure to accept and pay for a certain service pursuant to contract. The answer pleads a letter by virtue of which defendant endeavored to terminate the contract pursuant to its terms. The answer also contains a general denial of the allegations of the complaint. The letter of defendant could not operate as a termination of the contract pursuant to its terms because such letter was not sent sixty days prior to the expiration of the first contract year. Whether such letter amounted to a repudiation of the contract and a notification that defendant would breach the same at the expiration of the first contract year is not before us at this time. Neither does the record present the question of the amount or measure of damage to which plain-

tiff may be entitled if it succeeds in establishing the allegations of its complaint, nor the question of whether the contract in question was or was not a contract for sale of goods within the meaning of the Uniform Sales Act. The answer containing a general denial is not subject to demurrer, regardless of the fact that the letter which is pleaded by the answer as a termination of the contract in accordance with its terms was sent too late to operate as such termination.

Upon these considerations, I concur in the result arrived at in the foregoing opinion.